IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

HAZEL DARLENE HARDIN                                        PLAINTIFF
6200 East Manslick Road
Louisville, Kentucky 40219


Case No. _3:17-CV-490-DJH_____

Judge _David J. Hale_____


v.


ALLY FINANCIAL, INC.                                        DEFENDANT
d/b/a ALLY FINANCIAL
200 Renaissance Center
Detroit, Michigan 48265

      SERVE:  CT Corporation System
              306 W. Main Street, Suite 512
              Frankfort, Kentucky 40601
              (BY CERTIFIED MAIL)


** ** ** **


## VERIFIED COMPLAINT

Comes the Plaintiff, Hazel Darlene Hardin, and for her Verified Complaint against the

Defendants, Ally Financial, Inc. d/b/a Ally Financial ("Ally"), states as follows:

### I. PRELIMINARY STATEMENT

1.    This is an action for actual, statutory and punitive damages brought by Plaintiff,

Hazel Darlene Hardin, an individual consumer, against Defendant, Ally, for negligence,

defamation and violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA").

## II.  PARTIES

2.      Plaintiff, Hazel Darlene Hardin, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 6200 East Manslick Road, Louisville, Kentucky 40219.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.      Defendant, Ally, is a Michigan corporation doing business in the Commonwealth of Kentucky with its principal place of business at 200 Renaissance Center, Detroit, Michigan 48265.

5.      Ally is a "person" at that term is defined by the FCRA 15 U.S.C. §1681a(b).

## III.  JURISDICTION

6.      This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1337; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendant's doing business in Jefferson County, Kentucky.

## IV.  FACTUAL BACKGROUND

7.      In or around December 2016, Plaintiff, who was in the process of purchasing a home, accessed her Equifax, Trans Union and Experian credit reports and discovered a tradeline furnished by Ally regarding alleged past due payments on an automobile loan with Ally. Plaintiff co-signed on the loan with Plaintiff's niece, Patricia Townsend, in 2011.

8.      In November 2016, Ms. Townsend filed for Chapter 13 bankruptcy protection in the Western District of Kentucky. As part of the bankruptcy, Ms. Townsend reaffirmed the Ally loan and the bankruptcy trustee continued to make agreed-upon payments to Ally. As such, neither Ms. Townsend nor Plaintiff were in default on the loan in December 2016 when Plaintiff discovered

Ally's false and derogatory tradeline on Plaintiff's credit reports.

9.      At the time Plaintiff discovered Ally's false and derogatory tradeline Plaintiff had nearly completed the process of purchasing a home; Plaintiff had been pre-approved for financing, had paid earnest money to the seller, had paid for a home inspection, and a closing had been scheduled.  As a result of Ally's false and derogatory tradeline, however, the sale was cancelled and Plaintiff lost her earnest money, her home inspection fee, and, most importantly, the opportunity to purchase the home.  Plaintiff was humiliated and embarrassed as a result of Ally's false and derogatory tradeline and the cancellation of the home sale.

10.      Immediately upon her discovery of the Ally tradeline, Plaintiff disputed the tradeline with Ally by telephone and was advised that if she made a payment to Ally of approximately $895.00 Ally would delete the derogatory information from Plaintiff's credit reports.

11.      Pursuant to Ally's demand, Plaintiff paid $895.00 to Ally during the telephone call. Ally, however, later refunded Plaintiff the $895.00 payment, acknowledging thereby that the subject account was never past due.

12.      Plaintiff has suffered humiliation, embarrassment, and physical and mental distress as a result of Ally's violations of the FCRA.  In addition, Defendant's actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendant's false reporting of the alleged past due account.

## V. CLAIMS

### Negligence

13.      Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 12 as if fully set forth herein.

14.      Ally's false credit reporting regarding the alleged past due account and its failure

to investigate Plaintiff's dispute, as evidenced by Ally's demand for payment of $895.00 in exchange for removal of the late payment notation, was negligent under applicable law. In falsely reporting the alleged past due account and in failing to investigate Plaintiff's dispute, Ally breached its duty to reasonably investigate Plaintiff's credit dispute and to report accurate information regarding Plaintiff's credit history, and acted with conscious disregard for Plaintiff's rights.

15.     Ally's false credit reporting regarding the alleged past due account and its failure to investigate Plaintiff's dispute has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

16.     Ally's false credit reporting regarding the alleged past due account and its failure to investigate Plaintiff's dispute were willful and wanton, entitling Plaintiff to punitive damages therefor.

## Defamation

17.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 16 as if fully set forth herein.

18.     Ally, with knowledge of the falsity of its statements, has published to others, including, but not limited to, the credit reporting agencies and other currently unknown individuals and/or entities who have accessed Plaintiff's credit reports, that Plaintiff has a past due account with Ally. Ally's statements were false and were made with conscious disregard for the rights of the Plaintiff.

19.     Ally's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Ally account amounts to defamation and defamation *per se* of Plaintiff,

entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Negligent Violation of the Fair Credit Reporting Act

20.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 19 as if fully set forth herein.

21.    Ally's false credit reporting regarding Plaintiff's alleged past due Ally account and its failure to investigate Plaintiff's dispute, as evidenced by Ally's demand for $895.00 in exchange for removal of the late payment notation, are violations of Ally's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

22.    Ally's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Ally is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

## Willful Violation of the Fair Credit Reporting Act

23.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 22 as if fully set forth herein.

24.    Ally's false credit reporting regarding Plaintiff's alleged past due Ally account, despite Ally's knowledge of the falsity of its reporting, and Ally's failure to investigate Plaintiff's dispute, as evidenced by Ally's demand for $895.00 in exchange for removal of the late payment notation, are willful violations of Ally's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

25.    Given Ally's knowledge of the falsity of its reporting and its failure to investigate Plaintiff's dispute, Ally's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Ally is liable to Plaintiff for Plaintiff's actual

damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiff, Hazel Darlene Hardin, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3.     For attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/s/Sam B. Carl
Sam B. Carl
CREDITLAW, P.S.C.
616 S. Fifth St.
Louisville, KY 40202
(502)
sambcarl@gmail.com
*Co-Counsel for Plaintiff*

/s/David W. Hemminger
David W. Hemminger
CREDITLAW, P.S.C.
616 S. Fifth St.
Louisville, KY 40202
(502)
hemmingerlawoffice@gmail.com
*Co-Counsel for Plaintiff*

## VERIFICATION

I, Hazel Darlene Hardin, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_Hazel Darlene Hardin_
Hazel Darlene Hardin


COMMONWEALTH OF KENTUCKY          )
                                  ) SS
COUNTY OF JEFFERSON               )


Subscribed, sworn to and acknowledged before me by Hazel Darlene Hardin this _10_ day of _August_, 2017.

Notary Public, State at Large, KY
My Commission Expires Mar. 28, 2018

_R. Lee Rose_
Notary Public

Commission expires: _March 28, 2018_